UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODISUE SINGLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UTILITY WIRELESS, LLC, *et al.*,<br><br>Defendant. | Case No.: 26-cv-2972-AJB-DEB<br><br>**ORDER REQUIRING AMENDED NOTICE OF DISMISSAL** |

On August 27, 2026, Plaintiff Jodisue Singley filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 12.) Plaintiff states that he "individually and on behalf of all others similarly situated, hereby dismisses the above-captioned action against Defendant Unity Wireless LLC, et al[.] with prejudice." (*Id.*)

Plaintiff's notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss her individual claims (including, with prejudice) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class proposed

to be certified for purposes of settlement . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).

Here, no class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement. Ordinarily, where no class has been certified, and where any dismissal would not affect putative class members' claims (*i.e.*, where the dismissal of class claims is *without prejudice*), Rule 23(e) does not mandate either Court approval of any settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 F. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)). In other words, "where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss." *Lee v. CVS Pharmacy*, Inc., No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021).

However, Plaintiff's notice of dismissal purports to dismiss the entire action—including claims on behalf of putative class members—*with prejudice*. Permitting dismissal of class claims with prejudice could improperly concede the interests of any potential new class action. *See Casey v. Medcursor, Inc.*, No. 1:21-cv-00711-DAD-SAB, 2021 WL 4751378, at *2 (E.D. Cal. Oct. 12, 2021) (finding that "the settlement between plaintiff and defendants resolves only plaintiff's individual claims—because the parties are only requesting dismissal of the class claims without prejudice, leaving putative class members free to pursue a new class action, no class interests are being conceded").

Accordingly, for the reasons outlined above, Plaintiff is **ORDERED** to file **by no later than <u>September 3, 2026</u>**, an amended notice which clarifies that only the individual claims are being dismissed with prejudice, and the class claims without prejudice.

Alternatively, if Plaintiff seeks to dismiss the class claims with prejudice, Plaintiff must describe the particulars of dismissal separately as to the individual claims and the class claims, and whether the dismissal comports with Rule 23(e).

**IT IS SO ORDERED.**

Dated: August 27, 2026

Hon. Anthony J. Battaglia
United States District Judge