UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODISUE SINGLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UTILITY WIRELESS, LLC, *et al.*,<br><br>Defendant. | Case No.: 26-cv-2972-AJB-DEB<br><br>**ORDER DISMISSING CASE** |

Before the Court is Plaintiff's amended notice of voluntary dismissal with prejudice as to the individual claims and without prejudice as to the putative class claims. (Doc. No. 14.) Plaintiff Jodisue Singley initiated this action on May 12, 2026, asserting claims individually and on behalf of a putative class. (Doc. No. 1.) On August 27, 2026, Plaintiff filed a notice of voluntary dismissal pursuant stating that she "individually and on behalf of all others similarly situated, hereby dismisses the above-captioned action against Defendant Unity Wireless LLC, et al[.] with prejudice." (Doc. No. 12.) That same day, the Court directed Plaintiff to file an amended notice clarifying the particulars of the voluntary dismissal separately as to the individual claims and the putative class claims. (Doc. No. 14.) Plaintiff filed the instant amended notice of voluntary dismissal the following day. (Doc. No. 14.)

Plaintiff's amended notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss the individual claims without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

Here, Plaintiff seeks to dismiss the individual claims with prejudice and the claims of the putative class without prejudice. (Doc. No. 14.) No class has been certified in this action nor is there a class proposed to be certified for purposes of settlement. (*See* Doc. Nos. 1, 14.) Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the parties' stipulation to dismiss the action or notice to putative class members. *See Titus v. BlueChip Financial*, 786 F. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of dismissal. Accordingly, Plaintiff's individual claims are **DISMISSED with prejudice** and the putative class claims are **DISMISSED without prejudice**. The Clerk of the Court is directed to close this matter.

**IT IS SO ORDERED.**

Dated: August 28, 2026

Hon. Anthony J. Battaglia
United States District Judge